### CHARLES BIRD *vs.* IRA GILL & wife.

In estimating the amount for which conditional judgment shall be entered under the Rev. Sts. c. 107, § 5, upon a writ of entry to foreclose a mortgage, distinct debts cannot be set off.

WRIT OF ENTRY to foreclose a mortgage. The defendant was defaulted, and filed in set-off an account for goods sold and delivered and work and labor done.

At the hearing in the court of common pleas, the defendant offered evidence to prove the items in his account, by way of set-off against the debt secured by the mortgage, to reduce that debt, and the amount for which conditional judgment should be rendered. The plaintiff objected to this evidence as inadmissible, and contended that it was not competent to reduce that amount by an account in set-off merely, and not of payments; and claimed to have other debts owing him from the defendants, not secured by mortgage or otherwise, which he claimed to set off against their account. *Perkins*, J. rejected the account

in set-off, and entered conditional judgment. The defendant alleged exceptions.

*E. Ames,* (*E. Wilkinson* with him,) for the defendants. If the plaintiff had sued on the note only which was secured by the mortgage, the defendant's account would have been admissible in set-off. Rev. Sts. *c.* 96, §§ 1, 7. Upon a writ of entry to foreclose a mortgage, conditional judgment is to be entered for so much only as is due in equity and good conscience. Prov St. 10 W. 3, (1698,) Anc. Chart. 324. *St.* 1785, *c.* 22, § 1. Rev. Sts. *c.* 107, § 5. Dwarris on Sts. (2d ed.) 568–572. *Stewart* v. *Clark,* 11 Met. 388, 389. *Briggs* v. *Richmond,* 10 Pick. 393. The defendants' set-off should therefore have been allowed. If the plaintiff held, as he claimed, other debts against the defendants, they would go to defeat or cut down *pro tanto* the defendants' set-off.

*W. Colburn,* for the plaintiff.

BY THE COURT. Upon rendering a conditional judgment for the plaintiff on a writ of entry to foreclose a mortgage, under the Rev. Sts. *c.* 107, § 5, the question is, "how much is due to the plaintiff on the mortgage," not what would be due between the parties upon a settlement of all mutual demands between them. The set-off was therefore rightly disallowed.

*Exceptions overruled.*